UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
WESLEY REDDING,           : CASE NO. 1:14-cv-01251
:
    Plaintiff,            :
:
vs.                       : OPINION & ORDER
: [Resolving Doc. 30]
SUPER-LUBE, INC., *et al*., :
:
    Defendants.           :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Wesley Redding asserts ten causes of action against his former employer, Super-Lube, Inc. ("Super-Lube") and his former supervisor, Fred Tavakoli.[1] Defendants move to dismiss two of Redding's causes of action for failure to state a claim.[2] For the following reasons, the Court **GRANTS** Defendants' motion to dismiss counts eight and nine of Redding's complaint.

## I. Background

Super-Lube runs several auto repair shops in Northeast Ohio. Redding worked for Super-Lube from November 2008 to February 2013. From January 2010 onward, Redding was the store manager of Super-Lube's Euclid branch. Redding makes numerous claims arising out of his termination, only two of which are relevant to Defendants' motion.

Redding alleges that Tavakoli brandished a knife in front of Redding and told him, "It can be more fatal than a gun."[3] Redding told Tavakoli he would report the threat to the police, after

---

[1] Doc. 1.
[2] Doc. 30.
[3] Doc. 1 at 6-7.

Case No. 1:14-cv-01251
Gwin, J.

which Tavakoli fired Redding. Based on this encounter, Redding makes a claim for assault and wrongful termination in violation of public policy.

Redding states, "A clear public policy exists and is manifested in applicable federal and Ohio statutes and/or administrative regulations, or in the common law, against terminating employees who indicate they are going to report an assault in the workplace to the police."[4]

## II. Standards

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[5] The plausibility requirement necessitates "more than a sheer possibility that the defendant has acted unlawfully."[6]

Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."[7] "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[8] In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[] veracity" of "well-pleaded factual allegations."[9]

## III. Analysis

**A. Assault**

Defendants argue that Redding's assault claim is time-barred. Under Ohio Revised Code

---

[4] *Id.* at 12.
[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[6] *Id.*
[7] Fed. R. Civ. P. 8(a)(2).
[8] *Iqbal,* 556 U.S. at 678-79 (citations omitted).
[9] *Id.*

Case No. 1:14-cv-01251
Gwin, J.

("ORC") § 2305.111(B), the statute of limitations is one year for a claim alleging an assault. The statute runs from the date the assault occurs.[10] Redding filed his complaint on June 10, 2014. He alleges the assault occurred sometime before his February 2013 termination. The statute of limitations thus ran no later than February 2014.

Redding concedes this point, as he does not address it in his response brief. Because Redding's assault claim is time-barred, the Court **GRANTS** Defendants' motion to dismiss it.

**B. Wrongful Termination in Violation of Public Policy**

Plaintiffs asserting wrongful termination in violation of public policy, a so-called *Greeley* claim,[11] must show (1) a "clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the *clarity* element)"; (2) "dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the *jeopardy* element)"; (3) the plaintiff's "dismissal was motivated by conduct related to the public policy (the *causation* element)"; and (4) Plaintiff's employer "lacked overriding legitimate business justification for the dismissal (the *overriding justification* element)."[12]

On the clarity element, a plaintiff has a "burden to articulate, by citation to its source, a specific public policy that [the employer] violated when it discharged him."[13] A generalized citation to public policy is insufficient to establish a *Greeley* claim.[14]

Redding's complaint alleges that "[a] clear public policy exists and is manifested in applicable federal and Ohio statutes and/or administrative regulations, or in the common law, against

---

[10] Ohio Rev. Code § 2305.111(B).
[11] *Greeley v. Miami Valley Maint. Contractors, Inc.*, 551 N.E.2d 981 (Ohio 1990).
[12] *Dohme v. Eurand Am., Inc.*, 956 N.E.2d 825, 829 (Ohio 2011).
[13] *Id*. at 830
[14] *Id*. at 829-30.

Case No. 1:14-cv-01251
Gwin, J.

terminating employees who indicate they are going to report an assault in the workplace to the police."[15] The complaint cites to no statutory or other authority to support this claim.

Instead, Plaintiff makes a convoluted argument in his response brief that his *Greeley* claim is coextensive with his claims for race discrimination and sexual harassment made under ORC § 4112. Plaintiff argues that he "has sufficiently plead [sic] a claim for wrongful termination in violation of public policy based on race discrimination, sexual harassment and his previous report of assault to police."[16]

Redding is held to the well-pleaded facts in his complaint. His claim for wrongful termination in violation of public policy makes no mention of race discrimination or sexual harassment. The only public policy alleged is a general interest in employees reporting crimes to the police. "Unless the plaintiff asserts a public policy and identifies federal or state constitutional provisions, statutes, regulations, or common law that support the policy, a court may not presume to sua sponte identify the source of that policy."[17] Redding has not done so. The Court will not fill in the blanks for him. Therefore, Redding's ninth cause of action is **DISMISSED.**

---

[15] Doc. 1 at 12.
[16] Doc. 36 at 4.
[17] *Dohme*, 956 N.E. 2d. at 831.

Case No. 1:14-cv-01251
Gwin, J.

### IV. Conclusion

The Court **GRANTS** Defendants' motion to dismiss counts eight and nine of the complaint.

IT IS SO ORDERED.


Dated: March 30, 2015                                  s/      *James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE